UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                Case No. 11-cr-40060-JPG

CLEVELAND J. WHITE FEATHER,

Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court in connection with the appointment of Brian K.

Trentman and Daniel R. Schattnik as counsel for defendant Cleveland J. White Feather ("the

defendant") pursuant to 18 U.S.C. § 3005 and 3599(a)(1) and after consultation with the Federal

Public Defender for the Southern District of Illinois.  Both counsel have moved for a

determination of their qualifications to represent White Feather in this potential capital case and

have submitted their respective curricula vitae (Doc. 23).  Having reviewed those documents, the

Court **GRANTS** the motion (Doc. 23) and **CERTIFIES** that each counsel is qualified to

represent the defendant in a death penalty case under 18 U.S.C. § 3005 in that each is learned in

the law applicable to capital cases and under 18 U.S.C. § 3599(b) in that each has been admitted

to practice in this Court for more than five years and has had more than three years' experience in

the actual trial of felony prosecutions in this Court.  Defense counsel Brian K. Trentman and

Daniel R. Schattnik shall have free access to the defendant at all reasonable hours, as provided in

18 U.S.C. § 3005.

The Court further **ORDERS** that pursuant to 18 U.S.C. § 3599(g)(1) 21 U.S.C. §

848(q)(10), Brian K. Trentman and Daniel R. Schattnik shall have their compensation fixed at

the rate of $178.00 per hour for in-court and out-of-court time with respect to all matters affecting the representation of the defendant. The reimbursable rate for work performed by associates assisting Mr. Trentman and Mr. Schattnik is $100.00 per hour and for work performed by paralegals is $35.00 per hour with respect to all work performed on behalf of the defendant.

Because of the expected length of the trial in this case and the anticipated hardship on counsel in undertaking representation full-time for such a period without compensation, under the *Guide to Judiciary Policy* (Guide), Volume 7, Part A, § 230.73.20, the following procedures for interim payments apply during the course of your representation in this case:

## I.      Submission of Vouchers

All vouchers submitted shall be *ex parte* and shall be placed under seal, separate and apart from the file until further order of the Court. All vouchers shall be submitted to the Federal Public Defender bi-monthly on CJA Form 30, "Death Penalty Proceedings; Appointment of and Authority to Pay Court Appointed Counsel." Compensation earned and reimbursable expenses incurred during the bi-monthly period shall be claimed on an interim voucher submitted no later than the tenth day of the following month, or the first business day thereafter. The first interim voucher shall reflect all compensation claimed and reimbursable expenses that have not already been submitted for payment from the date of appointment to August 31, 2011, and shall be submitted no later than September 12, 2011. Thereafter, vouchers shall be submitted according to the schedule outlined above. Each voucher will be numbered when processed for payment. Counsel should complete Item 18 on the form for each interim voucher. Interim vouchers shall be submitted in accordance with this schedule even if little or no compensation or expenses are claimed for a period. All interim vouchers shall be supported by detailed and itemized time and expense statements. Guide, Volume 7A, Chapter 6, and Chapter 2, §230, outlines the procedures

and rules for claims by CJA attorneys and should be followed on each voucher.

The Federal Public Defender shall promptly audit each voucher and promptly resolve any questions regarding the hours or expenses claimed. The Court will review the interim vouchers, particularly with regard to the amount of time claimed, and will authorize compensation to be paid for the approved number of hours. The Court will also authorize payment of all reimbursable expenses reasonably incurred.

At the conclusion of the representation, each counsel shall submit a final voucher seeking payment for representation provided during the final interim period. The final voucher shall also set forth in detail the time and expenses claimed for the entire case, including all necessary documentation. Counsel shall reflect all compensation and reimbursement previously received on the appropriate line of the final voucher.

## II.    Reimbursable Expenses

Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to the representation. While the statute and applicable rules and regulations do not place a monetary limit on the amount of expenses that can be incurred, counsel should incur no single expense item in excess of $200.00 without prior approval of the Court. Such approval may be sought by filing an *ex parte* application stating the nature of the expense, the estimated dollar cost, and the reason the expense is necessary to the representation of the defendant. Upon finding that the expense is reasonable, the Court will authorize counsel to incur it. Recurring expenses, such as telephone toll calls, photocopying and photographs, which aggregate more than $200.00 on one or more interim vouchers are not considered single expenses requiring court approval.

With respect to travel outside of the Southern District of Illinois for the purpose  of

consulting with the defendant, interviewing witnesses, etc., the $200.00 rule should be applied in the following manner. Travel expenses, such as air fare, mileage, parking fees, meals, and lodging, can be claimed as itemized expenses. If the reimbursement for expenses relating to a single trip will aggregate an amount in excess of $500.00, the travel should receive prior approval of the court.

The following additional guidelines may be helpful to counsel:

(a)     Case related travel by privately owned automobile should be claimed at the rate of 51 cents per mile, plus parking fees, ferry fares, and bridge, road, and tunnel tolls. Transportation other than by privately owned automobile should be claimed on an actual expense basis. Air travel in "first class" is prohibited. Counsel and persons providing services under the CJA are encouraged to contact the Federal Public Defender's Office for air travel authorization at government rates.

(b)     Actual expenses incurred for meals and lodging while traveling outside of the Southern District of Illinois in the course of this representation must conform to the prevailing limitations placed upon travel and subsistence expenses for federal judiciary employees in accordance with existing government travel regulations. For specific details concerning high cost areas, counsel should consult the Federal Public Defender's Office.

(c)     Telephone toll calls, telegrams, photocopying, and photographs can all be reimbursable expenses if reasonably incurred. However, general office overhead, such as rent, secretarial help, and telephone service, is not a reimbursable expense, nor are items of a personal nature. In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Fed. R. Crim.

P. 17 and 28 U.S.C. § 1825.

## III.    Further Guidance

Answers to questions concerning appointment under the CJA can generally be found in:

• 18 U.S.C. § 3006A;

• the Criminal Justice Act Plan of the United States District Court for the Southern District of Illinois, available at http://www.ilsd.uscourts.gov/DistrictCourtPlans.aspx; and

• the Guide, Vol 7A (Guidelines for Administering the CJA and Related Statutes), published by the Administrative Office of the U.S. Courts, available at http://www.uscourts.gov/FederalCourts/AppointmentOfCounsel/CJAGuidelinesForms/GuideToJudiciaryPolicyVolume7.aspx.

Should these references fail to provide the desired clarification or direction, counsel should

address their inquiries directly to the Federal Public Defender's Office or the Court.

**IT IS SO ORDERED.**
**DATED:  August 22, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**