UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>CLEVELAND J. WHITE FEATHER,<br><br>      Defendant. | Case No. 11-cr-40060-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Cleveland J. White Feather's motion for agents' rough noted and/or for *in camera* review (Doc. 127). The Government has responded to the motion (Doc. 137).

It appears that White Feather is not entitled to the rough notes he seeks from the Government at this time. As a general rule, notes and memoranda prepared by government agents are not discoverable under Rule 16 so long as the Government turns over a written report that contains all the information found in the notes or memoranda. *United States v. Muhammad*, 120 F.3d 688, 699 (7th Cir. 1997); *see United States v. Coe*, 220 F.3d 573, 582 (7th Cir. 2000). Rule 16(a)(2) expressly exempts from disclosure "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Furthermore, Rule 16(a)(2) does not authorize the discovery or inspection of statements made by government witnesses or prospective government witnesses except as provided in the Jencks Act, 18 U.S.C. § 3500. The Government has represented that the rough notes have been incorporated into the reports already provided to defense counsel during discovery.

Nothing in the Jencks Act requires the government to preserve notes made in the course

of an investigation after the notes have served their purpose in the preparation of interview reports. *United States v. Harris*, 542 F.2d 1283, 1292 (7th Cir. 1976). Where there is no bad faith on the part of the government and no prejudice to the defendant, the Jencks Act permits destruction of interview notes which have been incorporated into a formal report. *Id.* The defendant has made no allegations of bad faith at this point.

Under the Jencks Act a defendant is entitled to "a written statement made by [a government] witness and signed or otherwise adopted by him," and "a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement." 18 U.S.C. § 3500(e)(1) & (2). An agent's notes are discoverable under the Jencks Act only where the notes relate to the subject matter of a witness's testimony, *United States v. Lopez*, 6 F.3d 1281, 1288 (7th Cir. 1993), and were "substantially a verbatim transcript of the [witness's] remarks, or were his own written statement adopted and approved by him." *United States v. Starnes*, 644 F.2d 673, 681 (7th Cir. 1981); *see United States v. Morrison*, 946 F.2d 484, (7th Cir. 1991) (" If [rough] notes were substantially verbatim recitals of [the witness's] statements, then the government was obligated to turn them over," pursuant to the Jencks Act). However, district courts have no authority to order pretrial disclosure of material embraced by the Jencks Act. *See Harris*, 542 F.2d at 1296. There is no indication the notes White Feather seeks are statements producible under the Jencks Act. They appear to be notes of interviews with White Feather, not written statements made and adopted by a government witness or substantially verbatim transcripts of a government witness's oral statements.

For these reasons, the Court hereby **DENIES** the motion insofar as it seeks production of the preserved notes (Doc. 127). However, at the defendant's request during the trial, the Court

will conduct an *in camera* review of existing rough notes and the reports into which they were incorporated to determine whether Rule 16 or the Jencks Act requires production of the notes.

**IT IS SO ORDERED.**
**DATED: April 17, 2013**

                                  s/ J. Phil Gilbert
                                  **J. PHIL GILBERT**
                                  **DISTRICT JUDGE**